**REPUBLIC STEEL CORPORATION (CEN-TRAL COUNCIL OF STEEL PLANTS, NORTHERN DISTRICT, REPUBLIC STEEL CORPORATION, et al., Intervenors) v. NATIONAL LABOR RELATIONS BOARD (STEEL WORKERS ORGANIZING COMMITTEE, Intervenor).**

No. 6907.

Circuit Court of Appeals, Third Circuit.

Sept. 30, 1940.

Frank T. Bow, of Canton, Ohio, for Central Council of Steel Plants.

Thomas F. Patton, Luther Day, and Jones, Day, Cockley & Reavis, all of Cleveland, Ohio, for Republic Steel Corporation.

Lee Pressman, of Washington, D. C., for Steel Workers Organizing Committee.

Robert B. Watts, Associate Gen. Counsel, Charles Fahy, and Maurice J. Nicoson, all of Washington, D. C., for National Labor Relations Board.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

PER CURIAM.

The National Labor Relations Board has petitioned the court for an order determining that the employees of Republic Steel Corporation who were ordered reinstated by the decree of this court entered January 2, 1940, pursuant to our opinion filed November 8, 1939 (3 Cir., 107 F.2d 472), are entitled to vacation rights and privileges for the years 1937, 1938, 1939 and 1940, under Republic's vacation plans for wage roll employees.

Republic has adopted vacation plans for its wage roll employees for each of the years mentioned. These plans, which are substantially identical in terms, provide that wage earners who shall have established an unbroken service record with Republic or its subsidiaries for three years

or more preceding May 1st of the year in question and who are on the payroll and working at the time of making request for vacation are entitled to a vacation with pay or in lieu thereof, at their option, to vacation pay in December as follows:

| | |
|---|---|
| 3 years service and less than 5 years service to May 1st | 3 days |
| 5 years service and less than 10 years service to May 1st | 6 days |
| 10 years service and less than 15 years service to May 1st | 8 days |
| 15 years service and over to May 1st | 10 days |

It is further provided that absence from work exceeding six consecutive months during the year prior to May 1st shall constitute a break in continuity of service for vacation privileges, resulting in loss of vacation or vacation pay under the plan for that year.

Republic urges that its striking employees who have been reinstated under our decree are not entitled to vacation pay during the period they were absent on strike and that upon their reinstatement they must start as new employees to accumulate service time necessary to entitle them to a vacation under the plan.

■ So far as concerns vacation pay for the year 1937 and for any subsequent year during the whole of which the employees in question were out on strike and not yet reinstated we are satisfied that the petition of the Board must be denied. Our decree was entered to enforce the order of the Board and it cannot go beyond the fair intendment of that order. The Board, however, did not direct Republic to give back pay to the striking employees for any period prior to their application for reinstatement following the entry of its order on October 18, 1938. It may be that the Board had authority in its discretion to award back pay to the striking employees for the period of the strike and that it might have added a direction to allow them vacation pay under the vacation plans then in force. However, this power, if possessed, was not exercised by the Board. Consequently this court is without authority at this time to make an order awarding vacation pay prior to reinstatement.

■ The striking employees were ordered by the Board and by this court to be reinstated "without prejudice to their seniority or other rights or privileges." We think it was the intention of the Board, as it was of this court, to provide that upon reinstatement the striking employees were to be treated in all matters involving seniority and continuity of employment as though they had not been absent from work. It follows that the reinstated strikers are entitled to the benefits of Republic's vacation plan for the year in which they are reinstated and all subsequent years upon a basis of continuity of service computed as though they had been actually at work during the entire period from May 25, 1937 to the date of reinstatement. Thus an employee who had continuous service with Republic for twelve years prior to May 1, 1937 and who went out on strike in that month and was reinstated in January, 1940, would be entitled in 1940 to the vacation of 10 days granted by the vacation plan to employees having 15 years continuous service.

■ Our decree of January 2, 1940 was entered at the present term of court. It is, therefore, within our power to enter a supplemental decree in accordance with this opinion. Such a decree will be entered.